vance, have fixed the amount of the penalty for a violation of this special order. In that case the board of health sought to recover a penalty under a regulation that it would enforce compliance and inflict a penalty, not exceeding $100, for noncompliance with or violation of its lawful regulations and orders. But it never definitely fixed the amount of the penalty, either before or after the violation; and, as was said in the opinion of the court, the case presented was as though the members of the board of health had brought an action to recover a sum of money which, upon the trial of the action, they would show ought to be paid under the circumstances, and it was there held that the statute did not permit the plaintiff, after an action had been brought thus, to determine the amount of the penalty. What was there said about the theory of the statute requiring the board to fix a definite penalty, applicable to all persons for violation of its regulations, obviously referred to orders of general application. But, even in such a case, I am not prepared to hold that a board of health may not impose a penalty within the statutory limit, without prescribing in advance of the violation the exact amount of such fine.

---

### LEVITT et al. v. O'ROURKE ENGINEERING CONST. CO.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

PLEADING (§ 80*)—SEPARATE DEFENSE—PARTIAL DEFENSE.

 Where the complaint stated a single cause of action, but the different items of damage were pleaded in separate paragraphs, an alleged separate and distinct defense to the cause of action set forth in one paragraph, that after the alleged wrongful occupation plaintiffs accepted from the owner of the land $200 in full payment of any and all claims for or on account of the alleged wrongful occupation, was at most a partial defense, and, not having been pleaded as such, was demurrable.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 162, 181–183; Dec. Dig. § 80.*]

Appeal from Special Term, New York County.

Action by Charles H. Levitt and another against the O'Rourke Engineering Construction Company. From an interlocutory judgment overruling a demurrer to a separate defense, plaintiffs appeal. Reversed, and demurrer sustained, with leave to file an amended answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Charles Goldzier, of New York City, for appellants.
Augustus L. Richards, of New York City, for respondent.

PER CURIAM. The complaint states a single cause of action. The different items of damage are set forth in separate paragraphs. The defendant pleaded, as a separate and distinct defense to the cause of action set forth in the fourth paragraph of the complaint, that after its alleged occupation the plaintiffs accepted from the owner of the land $200 in full payment of "any and all claims for or on account of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the alleged wrongful occupation." This is not a complete defense, and does not purport to be a defense of any item of damage other than that set forth in the fourth paragraph of the complaint. It is at most a partial defense, and to be good should have been pleaded as such. The plaintiffs' demurrer, upon the ground that it was insufficient in law upon its face, should therefore have been sustained. A complete defense, when pleaded as such, must go to the entire cause of action set out in the complaint. If it does not, then it is demurrable.

The interlocutory judgment appealed from is therefore reversed, with costs, and the demurrer sustained, with costs, with leave to defendant to serve an amended answer, on payment of costs in this court and the court below.